BROWN, Circuit Judge,
dissenting:
Here we confront the proverbial question: which comes first — the chicken or the egg? Different intuitions lead to different conclusions. Thus, the court remands; while I would simply affirm.
If a district court found a defendant was born in May 1957, when, in fact, she was born two months earlier, we would not remand for the district court to correct its mistake unless on appeal the defendant explains how the factual error affected a legal conclusion. Nor would we remand if the district court made no age finding at all, unless the defendant spells out why that failure corrupted the legal analysis. An appellate court simply does not resolve questions of fact (or force a district court to make a factual determination) unless the answer to the factual question matters.
For a remand to be appropriate, Appellant needs two separate questions both to break his way: (1) whether the district judge was legally required to make a factual finding on participation; and (2) whether the district court did so. If the answer to Question (1) is “no” — that is, if the district court was not required to make a finding — then the answer to Question (2) is irrelevant.
The court only asks “whether the District Court judge made factual findings on appellant’s participation in the underlying *853 drug offense[.]” Maj. Op. at 845. I agree the district court did not explicitly do so. But the more important question is whether the district judge was obligated to make such a finding in the first place. If § 2D1.8(a)(2) is a mitigation provision, the district court’s obligation to make a factual finding about participation arguably arises only when the defendant invokes the provision and offers supporting evidence. It is, after all, the defendant’s burden to prove by a preponderance of the evidence any “mitigating factors.” United States v. White, 1 F.3d 13,18 (D.C.Cir.1993) (Silberman, J). On the other hand, if § 2D1.8(a)(2) sets the base offense level, then the district court might have been required to make a factual finding as to participation, regardless of whether the defendant raised the issue. See United States v. Price, 409 F.3d 436, 444 (D.C.Cir.2005). Question (1) in this case thus depends on whether § 2D1.8(a)(2) is a mitigating factor.
However it is resolved, determining § 2D1.8(a)(2)’s character is a purely legal question. Questions of law receive either de novo review (if objected to) or plain error review (if unobjected to). Haery T. Edwards & LiNda A. Elliott, Federal STANDARDS OF REVIEW — REVIEW OF DISTRICT Court Decisions and Agency Actions 5 (2007). Because Question (1) in this case was unobjected to, it ought to be reviewed for plain error. Instead, the court decides the legal question, asserting “[t]he plain language of’ § 2D1.8(a)(2) “requires a finding of such participation for the higher offense level in § 2D1.8(a)(l) to apply.” Maj. Op. at 846. Because there was no factual finding, the majority remands.
However, under the plain error standard that should be applied here, Appellant loses; this court has never resolved whether § 2D1.8(a)(2) sets the base offense level or is a mitigation provision, and in fact, as the majority observes but fails fully to credit, there is a circuit split on this very question. Compare United States v. Dickerson, 195 F.3d 1183, 1189-90 (10th Cir.1999) (holding burden is on the defendant to show applicability of § 2D1.8(a)(2)) and United States v. Leasure, 319 F.3d 1092, 1098 (9th Cir.2003) (holding burden is on the government to show participation under § 2D1.8(a)(l)). Indeed, it is not surprising that there is a circuit split, because § 2D1.8(a)’s legal character is by no means obvious. Thus even assuming error, we should affirm because the district court did not “fail[] to follow an absolutely clear legal norm.” United States v. Andrews, 532 F.3d 900, 909 (D.C.Cir.2008).
I respectfully dissent.